UNITED STATES of America,
Appellant,

v.

Melvin A. PIXLEY, d/b/a Furniture Freight Forwarders and/or Furniture Fast Freight, a corporation, Appellee.

No. 16613.

United States Court of Appeals
Ninth Circuit.

Dec. 6, 1960.

East, District Judge, dissented.

George C. Doub, Asst. Atty. Gen., Morton Hollander, Howard E. Shapiro, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for appellant.

Turcotte & Goldsmith, Jack O. Goldsmith, Los Angeles, Cal., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and EAST, District Judge.

PER CURIAM.

The United States seeks restitution for overpayment of freight charges. Suit was brought in the District Court under 28 U.S.C. § 1345. Judgment was rendered by the District Court dismissing the action for lack of jurisdiction.

Between July 3, 1943, and October 10, 1947, appellees transported goods for the United States between points in California. Following deliveries, bills were submitted by appellees and were paid by the United States. As a common carrier, appellees' tariff rates, pursuant to California law, were on file with the California Public Utilities Commission. All of the

shipments which concern us were made on government bills of lading which provided that shipments were to move at the lowest tariff rates applicable to similar shipments by private shippers.

Upon audit by the General Accounting Office, overpayments in the sum of $17,666.77 were found. In September, 1952, the United States made demand for refund. On August 8, 1956, appellees denied all claims and on April 9, 1958, this suit was brought for the amount of overpayment.

 This being a civil action brought by the United States, jurisdiction of the District Court is conferred by 28 U.S.C. § 1345. The District Court was then in error in dismissing the action for lack of jurisdiction.

The United States upon this appeal has treated the judgment of the District Court as a dismissal of suit for failure of the complaint to state a claim. Viewing the judgment in this light, the principal issue is whether the claim of the United States has been barred by limitations prescribed by § 736 of the California Public Utilities Code.

The California Code provides for the filing of rates by common carrier (§ 486); that no charges shall be made other than in accordance with the filed rates (§§ 494, 532). Section 736 provides the limitation which here concerns us. It requires that "complaints for damages resulting from the violation of any of the provisions of §§ 494 or 532" shall, subject to certain provisions for extension, be filed within three years from accrual of the cause of action.

The United States contends that this suit is not brought for violation of the California Public Utilities Code; that its right to restitution is not based upon California statute law but upon contract, i. e., upon the terms of the government bill of lading. It contends that a state statute of limitations cannot be made to apply to the United States upon such a cause of action.

The contention that its rights arise under common law by virtue of con-

tract is made by the United States for the first time upon this appeal and should, we feel, have the consideration of the District Court. Accordingly, we shall accept the judgment of the District Court at face value as dismissal of suit for lack of jurisdiction, reserving for determination by the District Court the question whether the complaint fails to state a claim.

Reversed and remanded with instructions that judgment be set aside and for further proceedings.

EAST, District Judge, dissents, believing that appellant's present position in this Court to assert common law rights not contended for in the pretrial proceedings before the District Court, should be foreclosed, per Rule 16, F.R.Civ.P. 28 U.S.C.A.